Janice D. Dudensing (SBN 279561)
*The Law Firm of Jan Dudensing*
925 G Street
Sacramento, CA 95814
Telephone: (916) 448-3122
Facsimile: (916) 448-1004

Attorney for Plaintiff
Matthew Gonzalez

UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GONZALEZ, | ) Case No: |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S COMPLAINT FOR** |
| vs. | ) **CIVIL RIGHTS VIOLATION** |
| | ) |
| LARRY D. MORSE II, individually; and | ) **DEMAND FOR JURY TRIAL** |
| DOES 1-20 inclusive, | ) |
| | )   1.  42 U.S.C. § 1983 [ Free |
| Defendants. | )       Speech/Free Press] |
| | ) |
| | ) DEMAND FOR JURY TRIAL |
| | ) |
| | UNLIMITED CIVIL ACTION |

Plaintiff Matthew Gonzalez, by and through counsel, for his complaint against

Defendants County of Merced and Larry D. Morse, II pleads as follows:

//

//

---

**PLAINTIFF'S COMPLAINT**
Page 1

## PARTIES

1.    Plaintiff Matthew Gonzalez is a resident of Rodeo, California.  Plaintiff brings this action against Defendant for damage and harm resulting from the Defendant District Attorney Larry D. Morse II's conduct.  The subject incident took place on public property in Merced County, located in California.

2.    Defendant Larry D. Morse is the District Attorney in Merced County.  As such he is a *public figure*.  Mr. Morse resides in Merced County.

3.    Plaintiff is ignorant of the true names and capacities of the Defendant sued herein under the fictitious names of Does 1 through 20, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained.  Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts complained of herein.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to Title 28 U.S.C. Sections 1331 and 1343 (3) in that the controversy arises under the United States Constitution and under 42 U.S.C. Section 1983.  This Court has authority to award attorney fees pursuant to 42 U.S.C. Section 1988.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367(a) to hear and adjudicate state law claims.  Each and all of the acts alleged herein were done by defendant, or his agents.

5.    Venue is proper in this district under 28 U.S.C. Section 1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

## GENERAL ALLEGATIONS

6. Matthew Gonzalez is a news reporter and camera man. He makes his living reporting current events. He owns and operates MCNTV News. To this end, he follows leads to ascertain reliable sources and reliable information.

7. Mr. Gonzalez learned of possible newsworthy information regarding Defendant District Attorney ("DA") Larry D. Morse. The information regarding DA Morse's conduct came to Mr. Gonzalez from a very reliable source. The conduct involved actions taken by DA Morse while acting in his official capacity as DA for Merced County.

8. Regardless of the trustworthiness of Mr. Gonzalez's source, Mr. Gonzalez nevertheless sought to ascertain DA Morse's statement regarding the allegations. To this end, Mr. Gonzalez contacted DA Morse on numerous occasions in order to set up a time to interview him. His requests fell on deaf ears.

9. On April 15, 2015, while Mr. Gonzalez was walking on the steps of the Courthouse in Merced, California, he saw DA Morse. Mr. Gonzalez, equipped with his camera, sought to ask DA Morse questions regarding the allegations made regarding DA Morse's curious conduct.

10. Instead of cordially declining to respond to Mr. Gonzalez, DA Morse, a public figure launched toward Mr. Gonzalez, struck him and damaged Mr. Gonzalez's camera and camera gear. Such conduct was in violation of Mr. Gonzalez's First Amendment right to report newsworthy information.

11. As a result of the attack, Mr. Gonzalez was injured and his property was damaged. The damage to Mr. Gonzalez's news equipment (camera and camera gear) deprived Mr. Gonzalez from exercising his right to free speech and reporting.

12. Following the incident, upon information and belief, DA Morse caused Mr. Gonzalez to lose business. Businesses that supported and purchased Mr. Gonzalez's news stories, refrained from doing business with him anymore. It is Mr. Gonzalez's contention that DA Morse has not only engaged in an assault and battery because Mr. Gonzalez was exercising his 1st Amendment right of freedom speech/press, but also has continued to violate Mr. Gonzalez's right to freedom of speech/and to report by black balling him in his community by using his political position as the District Attorney in Merced County.

## FIRST CAUSE OF ACTION

### (42 U.S.C. 1983; FREE SPEECH AND FREE PRESS)

13. Plaintiff incorporates herein by this reference each and every allegation set forth above, as though fully set forth herein.

14. DA Morse's conduct of intentionally assaulting Mr. Gonzalez and his news reporting equipment, thereby preventing him to distribute newsworthy information deprived Mr. Gonzalez of his First Amendment right of free speech and free press.

20. DA Morse's conduct took place while DA Morse was in the scope of his employment/ role as a public official.

21. DA Morse's conduct was intentional and sought to infringe on Mr. Gonzalez's Constitutional rights of free speech and free press.

22. DA Morse's conduct was the cause of Mr. Gonzalez's bodily injury.

23.    DA Morse's conduct was the cause of Mr. Gonzalez's damage to his news reporting equipment, resulting in a loss of business.

24.    DA Morse's actions after the assault resulted in Mr. Gonzalez losing business.

25.    Mr. Gonzalez has suffered monetary damages as a result of DA Morse's conduct.

26.    Mr. Gonzalez has suffered emotional distress as a result of DA Morse's conduct.

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

Plaintiff Matthew Gonzalez hereby demands a trial by jury.

WHEREFORE, Plaintiff Matthew Gonzalez, prays for Judgment and Order against Defendant, as follows:

1.    That Judgment be entered for Plaintiff and against Defendants, and each of them;

2.    For compensatory damages, according to proof at trial;

4.    For general damages, according to proof at trial;

5.    Attorney fees;

6.    For punitive and/or treble damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct; and,

7.    For such other and further relief as the Court may deem just and proper.

The Law Firm of Jan Dudensing,

Dated:  April 10, 2017

_____
Janice D. Dudensing
Attorney for Plaintiff, Matthew Gonzalez

---

**PLAINTIFF'S COMPLAINT**
Page 5