UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY D. MORSE II,<br><br>    Defendant. | No. 1:17-cv-00510-DAD-BAM<br><br><br>ORDER DENYING MOTION TO DISMISS<br><br>(Doc. No. 8) |

This matter is before the court on defendant's motion to dismiss, filed August 8, 2017. (Doc. No. 8.) At the September 26, 2017 hearing on this motion, attorney Roger Matzkind appeared on behalf of defendant, and attorney Janice Dudensing appeared telephonically on behalf of plaintiff. For the reasons explained below, defendant's motion to dismiss will be denied.

**BACKGROUND**

Plaintiff's very brief complaint alleges as follows. Plaintiff Matthew Gonzalez is a news reporter who owns and operates MCNTV News. (Doc. No. 1 at ¶ 6.) Plaintiff had sought a statement several times from defendant Larry Morse, who is the Merced County District Attorney ("DA"), on a news story involving an unspecified subject matter, but defendant did not respond to plaintiff's requests. (*Id.* at ¶¶ 7–8.) On April 15, 2015, plaintiff saw defendant Morse on the courthouse steps in Merced, and sought to ask him questions for this news story. (*Id.* at ¶ 9.)

1

Defendant did not answer the questions, and instead struck plaintiff, damaging his camera. (*Id.* at ¶ 10.) Plaintiff was injured,[1] and the damage to his camera. (*Id.* at ¶ 11.) Plaintiff alleges one cause of action under 42 U.S.C. § 1983 for interference with his First Amendment right of free speech and free press, and seeks damages for bodily injury, lost business, damage to his camera equipment, and emotional distress. (*Id.* at ¶ 14.)

Plaintiff filed this suit in federal court on April 11, 2017. (Doc. No. 1.) Defendant moved to dismiss on August 8, 2017, asserting that plaintiff cannot state a cognizable claim because he has no First Amendment right to interview defendant. (Doc. No. 8.) Defendant also argues that plaintiff cannot state a cognizable claim for retaliation because the conduct plaintiff was allegedly engaged in was not protected activity under the First Amendment. (*Id.* at 8–10.) Plaintiff filed an untimely opposition to the motion on September 21, 2017. (Doc. No. 12.) Defendant was unable to file a reply due to the belated nature of plaintiff's opposition.[2]

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] In his complaint plaintiff also alleges on information and belief, that defendant "caused" him to "lose business." (*Id.* at ¶ 12.) The complaint does not allege any detail in this regard, but alleges only that businesses which had previously purchased plaintiff's news stories stopped doing so, and he believes defendant has been "black balling him in his community." (*Id.*) These allegations of the complaint are discussed further below.

[2] Plaintiff's counsel has been forewarned that the court requires compliance with the Local Rules of this court as well as with the Federal Rules of Civil Procedure and all other applicable rules. Any failure to comply with such rules in the future may well result in the imposition of sanctions.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

Contrary to defendant's characterization,[3] plaintiff alleges that his First Amendment rights were violated when he was physically assaulted by defendant, a public official, in response to plaintiff asking defendant questions on the local courthouse steps. In order to state a retaliation claim under the First Amendment, plaintiff must only allege facts sufficient to show he (1) "engaged in constitutionally protected activity," (2) the government official's adverse actions "would 'chill a person of ordinary firmness' from continuing to engage in the protected activity," and (3) "the protected activity was a substantial motivating factor in the defendant's conduct." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016); *see also O'Brien*

---

[3] Defendant misapprehends the nature of the complaint in arguing that plaintiff has "no constitutional right to interview [defendant]." (Doc. No. 8-1 at 8.) Plaintiff is not alleging defendant can be compelled as a matter of law to *answer* questions in the setting discussed here. *Cf. Branzburg v. Hayes*, 408 U.S. 665, 700–02 (1972) (holding that the First Amendment does not protect witnesses from being compelled to answer questions to a grand jury). Rather, plaintiff's complaint is centered on the allegation that defendant assaulted plaintiff in response to plaintiff's asking him questions on the courthouse steps.

*v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016); *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2003); *Cook v. City of California City*, No. 1:16-cv-00429-DAD-JLT, 2016 WL 8730712, at *7 (E.D. Cal. Dec. 9, 2016).

Asking a question of a government official on the courthouse steps in the manner alleged here is a constitutionally protected activity on which a First Amendment claim may be based, even if the asker has no right to receive an answer from the official. The First Amendment protects the right of the people to "petition the Government for a redress of grievances," and the rights of individuals to make requests, protest, or picket their government at its various levels are well-established. U.S. Const. amend. I; *United States v. Grace*, 461 U.S. 171, 176 ("There is no doubt that as a general matter peaceful picketing and leafletting are expressive activities involving 'speech' protected by the First Amendment."); *Norse v. City of Santa Cruz*, 629 F.3d 966, 975–76 (9th Cir. 2010) (holding that a city council may place reasonable time limits on public comments at meetings, but may not declare "the public has no First Amendment right whatsoever once the public comment period has closed"); *Chinn v. City of Spokane*, 429 Fed. App'x 673, 675 (9th Cir. 2011)[4] (noting plaintiff "undoubtedly had a First Amendment right to file a land use petition protesting a proposed zoning change"); *Klein v. San Diego Cty.*, 463 F.3d 1029, 1036 n.5 (9th Cir. 2006) (noting even "residential picketing enjoys First Amendment protection"). Further, the steps of a courthouse are frequently considered a "traditional public forum" in which the ability to restrict speech is "sharply circumscribed." *Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1098 (9th Cir. 2003); *see also Grace*, 461 U.S. at 179–81 (finding the sidewalk outside the Supreme Court to be a traditional public forum); *Watters v. Otter*, 955 F. Supp. 2d 1178, 1186 (D. Idaho 2013) (describing "the grounds surrounding the old Ada County Courthouse" as a traditional public forum); *Occupy Fresno v. County of Fresno*, 835 F. Supp. 2d 849, 855–56 (E.D. Cal. 2011) (noting Fresno's Courthouse Park, which surrounds the Fresno County Superior Court to be a traditional public forum).

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

Finally, while the First Amendment does not grant a news reporter any special right of access not available to the general public, *see Cal. First Amendment Coal. v. Calderon*, 150 F.3d 976, 981 (9th Cir. 1998), defendant here has not argued or cited authority in support of the proposition that a member of the general public could be prohibited from approaching him with a question while he was walking to the courthouse. *See also Branzburg*, 408 U.S. at 707–08 (noting "[o]fficial harassment of the press undertaken not for purposes of law enforcement but to disrupt a reporter's relationship with his news sources would have no justification" under the First Amendment). In short, plaintiff has adequately alleged that he was engaged in activity protected by the First Amendment.

Plaintiff's allegations that he was struck by defendant in response to his questions are also sufficient, if proven, to show defendant's actions would chill a person of "ordinary firmness" from engaging in the protected activity. The Ninth Circuit has held that even the threat of physical violence, let alone an actual violent act, is sufficient to constitute chilling conduct. *See Watison v. Carter*, 668 F.3d 1108, 1116 (9th Cir. 2012); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005); *see also Gleason v. L. Franklin*, No. CV 15-8380-CBM (DFM), 2017 WL 3203404, at *5 (C.D. Cal. May 16, 2017) *report and recommendation adopted* 2017 WL 3197226 (C.D. Cal. July 26, 2017). Plaintiff's allegations that defendant struck him when he asked a question meet this standard.

Finally, a reasonable inference can be drawn from the allegations of the complaint that the protected activity was a substantial motivating factor in defendant's actions. In his complaint plaintiff alleges that defendant struck him after he "sought to ask DA Morse questions regarding the allegations made regarding DA Morse's curious conduct." (Doc. No. 1 at ¶ 9.) In so alleging, plaintiff has successfully stated a cognizable retaliation claim under the First Amendment.[5]

---

[5] Plaintiff's complaint also contains allegations that he "lost business" due to defendant "black balling" him. (Doc. No. 1 at ¶ 12.) At oral argument, plaintiff's counsel disclaimed bringing any separate claim or cause of action based on these allegations. Instead, plaintiff's counsel explained that these allegations merely went to the damages suffered as a result of the alleged retaliatory strike. Because plaintiff brings no separate claim based on "lost business," there is no claim for the court to dismiss. That said, the court notes that a plaintiff may only seek damages causally linked to the harm alleged. *See N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 918 (1982)

**CONCLUSION**

For all of the reasons set forth above, defendant's motion to dismiss (Doc. No. 8) is denied and this case will proceed on plaintiff's lone cause of action.

IT IS SO ORDERED.

Dated: **October 10, 2017**   *[signature: Dale A. Drozd]*
UNITED STATES DISTRICT JUDGE

---

("Only those losses proximately caused by unlawful conduct may be recovered."); *Anderson v. Central Point Sch. Dist. No. 6*, 746 F.2d 505, 508 (9th Cir. 1984) (noting that damages in § 1983 actions "must be tailored to the particular interest protected"); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 969 (S.D. Cal. Jan. 21, 2014) ("[W]hether a plaintiff has sufficiently pled a causal connection between the damage and the alleged harm is a question of law."). There does not appear to be a causal connection between any business lost due to defendant's "black balling" and the alleged retaliatory strike by defendant.